UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SADEQ AHMED, ) | CASE NO. 4:06 CV 1575 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| ) | <u>AND ORDER</u> |
| ATTORNEY GENERAL OF UNITED ) | |
| STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 27, 2006, <u>pro se</u> petitioner Sadeq Ahmed filed the above-captioned petition for a writ of habeas corpus pursuant to "28 U.S.C. § 2242 and 2244."[1] Mr. Ahmed, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the Attorney General of the United States. Petitioner asserts that the respondent is denying him six months placement in a Community Corrections Center (CCC) in violation of 18 U.S.C. §§ 3621(b) and 3624(c). In an Addendum to his petition, Mr. Ahmed moves this court "pursuant to 18 [sic] U.S.C. § 2255" to award him 54 days of good time credit for each year he was sentenced to a

---

[1] Considering the nature and content of Mr. Ahmed's petition, the court presumes he has filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

term of imprisonment by the trial court.[2]

*Background*

Mr. Ahmed was indicted in the United States District Court for the Eastern District of Michigan and charged with "making false statements." He was found guilty by a jury and sentenced to 18 months in prison on September 7, 2005. Although he indicates that he appealed his conviction to the Sixth Circuit Court of Appeals on an undisclosed date, there is no indication that he received any ruling on his appeal as of the date he filed this petition.

In his complaint, Mr. Ahmed states that he was not "offered the requisite volume of C.C.C. according to either BOP rules or Title 18 of the Constitution." (Pet. at 5.) He adds that in December 2002, the BOP "illegally" changed the C.C.C. designation period from 6 months to "10 % up to a maximum of 6 mths." (Pet. at 5.) Mr. Ahmed claims that this is contrary to the stipulation he entered into at sentencing and in the "plea agreement."

Although the BOP offered Mr. Ahmed placement in a C.C.C. for two months, he argues that he is entitled to placement as early as November 3, 2006. This comports with petitioner's assertion that he is entitled to serve a full six months of his remaining sentence in a C.C.C., as his sentence is scheduled to end on May 3, 2007.

With regard to his request for GCT credit, Mr. Ahmed asserts that the BOP is denying him the proper award of such credit under 18 U.S.C. §3624(b). It is his opinion that the statute authorizes a prisoner to earn 54 days credit for each year of his full term sentence. Under the BOP's interpretation of the statute, however, he complains that he is being limited to 47 days for

---

[2]Inasmuch as "18 U.S.C. § 2255" addresses civil remedies for personal injury and "28 U.S.C. § 2255" provides remedies to a prisoner seeking to attack his sentence, it is presumed that Mr. Ahmed is relying on the latter statute to provide the relief he is requesting.

2

each year of the sentence imposed by the court. While he argues that the BOP's interpretation is contrary to the plain meaning of the statute, he does not provide any legal basis to support his argument.

*Analysis*

Mr. Ahmed claims that the BOP's new C.C.C. placement policy violates the Administrative Procedures Act (APA), is based on an erroneous interpretation of the statute, and violates the Ex Post Facto and Due Process Clauses. He maintains that both the First and Eighth Circuit Courts of Appeal invalidated the very same policy change in Golding v. Winn, 383 F.3d 17 (1st Cir. 2004) and Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004). He argues further that § 3624 only places a limitation on the BOP's obligation to assure that each prisoner spend the latter portion of his or her sentence in a pre-release environment. Mr. Ahmed does not believe that this precludes the BOP from exercising its discretion to place a prisoner in a C.C.C. at an earlier stage in his sentence.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The

3

remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

In his petition before this court, Mr. Ahmed does not attack his conviction, but the manner in which the BOP is executing his sentence. Therefore, his challenge to the BOP's calculation of sentence credit should be addressed in his §2241 petition, not in a motion to vacate pursuant to 28 U.S.C. § 2255, as he maintains. Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965) ("The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined.") Therefore the court will now address the merits of his CCC placement and GCT credit claims pursuant 28 U.S.C. § 2241.

*Good Credit Time (GCT)*
*18 U.S.C. §3624(b)*

The relevant statute provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . .

18 U.S.C. § 3624(b). While it is clear that credit is accrued up to 54 days per year for each year served, the petitioner has interpreted the provision, "beyond the time served" to mean that he should receive credit based on the term of his original sentence, not just the years of the sentence he is serving. Despite his assertion, Mr. Ahmed does not provide any case law to support his interpretation.

Current case law presumes that credit is earned only for the years in which the

4

prisoner is actually incarcerated. See Trevino-Casares v. U. S. Parole Comm'm, 992 F.2d 1068,1072 (10th Cir. 1993)( "the application of service credits is governed by §18 U.S.C. 3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving"); see also Mistretta v. United States, 488 U.S. 361, 367 (1989). Therefore, while Mr. Ahmed has calculated 81 days of GCT against his 18 months term of imprisonment, the BOP has calculated 70 days of earned GCT as a percentage of the time he will actually spend in prison. Since the Sixth Circuit has explicitly held that the BOP has reasonably interpreted the statute permitting a federal prisoner to be awarded 54 days of good-time credit per year as permitting good-time credit to be awarded based on time actually served by the prisoner, see Petty v. Stine, 424 F.3d 509 (6th Cir. 2006), rehearing en banc denied (Jan. 23, 2006), cert. denied, 126 S.Ct. 2862 (Jun. 12, 2006), Mr. Ahmed is not entitled to additional GCT.

*18 U.S.C. §3624(c)*
*Six Month Policy*

A. Ex Post Facto Clause

Before December 20, 2002, the BOP uniformly designated federal inmates in CCC's for the last 180 days (six months) of their sentences, even if that placement exceeded the last ten percent of their sentences, under its old interpretation of 18 U.S.C. § 3624(c). This policy was known as the "Six Month Policy."

On December 13, 2002, the Department of Justice's Office of Legal Counsel ("OLC") issued a memorandum ("the OLC Memo") declaring that the Six Month Policy was "unlawful." At the conclusion of the OLC Memo the DOJ stated that the BOP could not designate a CCC as a place of confinement pursuant to 18 U.S.C. § 3621, because a CCC is not a "penal or correctional facility" within the meaning of the statute. The OLC Memo set forth a change in the BOP's longstanding

5

interpretation of 18 U.S.C. § 3624(c) and its previous policy regarding inmates' placement in CCC's.

The BOP's General Counsel issued a "Memorandum for Chief Executive Officers" on December 20, 2002 entitled "Community Confinement Procedure Changes" ("the December 20, 2002 Memorandum"). Consistent with the change effected in the December 20, 2002 Memorandum, pre-release into CCC designations became limited to the last 10 percent of the prison sentence, not to exceed six months ("the 10% Rule"). Mr. Ahmed argues that the 10% Rule, as applied to him violates the APA and the Ex Post Facto Clause.  However, the facts in his petition do not allege a violation of either.

As a general rule, laws, policies, and other actions violate the Ex Post Facto Clause if they punish behavior not illegal at the time it was committed, or increase punishment beyond that which was authorized at the time of the offense. Garner v. Jones, 529 U.S. 244, 249-50 (2000). The Ex Post Facto clause is implicated where a law punishes retrospectively: "[a] law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" Miller v. Florida, 482 U.S. 423, 430 (1987) (quoting Weaver v. Graham, 450 U.S. 24, 31 (1981)).

The court takes judicial notice of the fact that Mr. Ahmed was sentenced on September 7, 2005, over three years after the rendition of the OLC Memo. Given an eighteen month sentence handed down in 2005, the petitioner's earliest date of eligibility for CCC placement will obviously occur long after the rendition of the OLC Memo.  Therefore, the OLC Memo is not being retroactively applied to Mr. Ahmed.  At the time he was sentenced by the court the OLC Memo had been in effect for at least three years, thus there is no valid Ex Post Facto claim here.

B.  Administrative Procedures Act (APA)

Mr.  Ahmed's claim that the BOP's new policy violates the APA fails as a matter of

6

law. The Sixth Circuit has directly addressed this issue and held that the change in BOP policy regarding placement of federal offenders in CCCs, based on a legal interpretation that the statute limited BOP's authority, was an "interpretive rule" and, as such, was not subject to notice and comment rulemaking under the APA. Dismas Charities, Inc. v. United States, 401 F.3d 666, 680 (6th Cir. 2005).

C. Due Process Clause

A district court has no authority to direct where a federal prisoner will be confined or whether he will be allowed to serve part of his term in a CCC. Instead it is the Attorney General of the United States who has delegated those discretionary decisions to the Director of the BOP. Congress has given federal prison officials full discretion to control the conditions of confinement, and prisoners have no constitutional entitlement to invoke due process claims. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); see e.g. Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert. denied, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification). As the Supreme Court stated in Olim v. Wakinekona, 461 U.S. 238, 250 (1983), "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." And "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." Id. at 250 n. 12.

There is no liberty interest in being placed in a community residential program. Id. at 245; Meachum v. Fano, 427 U.S. 215, 225 (1976); Harrington v. Smokoska, No. 92-1612, 1992 WL 376855, at 2 (6th Cir. Dec. 18, 1992). "To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an 'atypical and significant hardship ... in relation to the

7

ordinary incidents of prison life,'" see Sandin v. Conner, 515 U.S. 472, 484 (1995), or that the government's actions "will inevitably affect the duration of his sentence." Id. The petitioner has failed to demonstrate to this court if or how his delayed transfer to a CCC would result in an "atypical and significant hardship" as required by Sandin. The court, therefore, is unable to grant the relief requested given the BOP's broad, virtually unfettered discretion to determine the placement of prisoners.

D. Erroneous Interpretation of the Statute

With regard to Mr. Ahmed's claim that the BOP has misconstrued Congress's intent this court cannot address that issue on the merits. Although petitioner's other claims were subject to dismissal on their face, his claim regarding the BOP's interpretation of § 3624(c) must first be presented to the Bureau. The problem here is that there is no suggestion that Mr. Ahmed pursued the matter administratively. This is impermissible. Before filing a habeas corpus petition under 28 U.S.C. § 2241 federal prisoners are required to exhaust their administrative remedies. United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir.1996); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)(petitioner not excused from exhausting claim challenging disciplinary charge even where he could not have done so prior to parole hearing). This requirement is not mandated by the Prison Litigation Reform Act, but is wholly judge-made. Wesley v. Lamanna, No. 01-3426, 27 Fed. Appx. 438, 438-39 (6th Cir. Oct. 30, 2001).

The administrative remedies a federal prisoners must pursue are set forth at 28 C.F.R. §§ 542.10-16 (2005). As noted above, Mr. Ahmed does not indicate that he commenced the grievance process or that it is futile to do so. Because he has failed to acknowledge or allege that he has done so, his petition is prematurely filed and must be dismissed without prejudice. Ginn v.

Dewalt, No. Civ.A. 06-CV-242KSF, 2006 WL 2228969, at *2 (E.D.Ky. Aug. 3, 2006). Should petitioner seek expedited consideration of his administrative grievance, 28 C.F.R. § 542.18 provides a mechanism to obtain it.

Based on the foregoing, petitioner's claims pursuant to the APA, as well as the Ex Post Facto and Due Process Clauses are denied and this action is dismissed without prejudice for failure to exhaust administrative remedies regarding the BOP's interpretation of 18 U.S.C. § 3624. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

Date: January 31, 2007            S/John R. Adams
                                                   JOHN R. ADAMS
                                                   UNITED STATES DISTRICT JUDGE